# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 15-60868
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2017

Lyle W. Cayce
Clerk

GUIFEN HU,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

—————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 603 756

—————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Guifen Hu is a native and citizen of China who entered this country legally but overstayed. She petitions this court for review of an order of the Board of Immigration Appeals (BIA) upholding the immigration judge's (IJ's) determination that she was not entitled to asylum, withholding of removal, or protection under the Convention Against Torture (CAT) because she was not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

credible.  She argues that she can explain the discrepancies and omissions that resulted in the adverse credibility finding and asserts her entitlement to relief.

We "review only the BIA's decision, unless the IJ's decision has some impact on" that decision.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review the factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence standard. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under this standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."  *Wang*, 569 F.3d at 537.

An adverse credibility determination may be supported by "*any* inconsistency or omission," provided that "the totality of the circumstances establishes that an asylum applicant is not credible."  *Id.* at 538 (internal quotation marks and citation omitted).  Our review of the record as a whole shows that the evidence does not compel a conclusion contrary to that reached by the IJ and BIA on the issue whether Hu was credible.  *See id.* at 537-40.  As Hu has not presented credible evidence showing that she is entitled to asylum, she has not shown that she is entitled to withholding of removal or relief under the CAT.  *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). Consequently, her petition for review is DENIED.